# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR612-006 |
| | ) | |
| RAMSEY C. ARNOLD | ) | |

## REPORT AND RECOMMENDATION

Serving 108 months following his guilty-plea conviction for violating 21 U.S.C. §841(a)(1) (possession with intent to distribute methamphetamine), Ramsey Arnold seeks sentence relief. *See* docs. 52, 53, 58, 59 & 60. Previously, the Court analyzed Arnold's motions to correct the judgment against him, concluding that they were, in substance, a 28 U.S.C. § 2255 motion, which necessitated a *Castro* warning. Doc. 62 at 2-3. The Court's resulting *Castro* warning concluded: "If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of his intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion." *Id.* at 3-4.

Arnold has not responded. And despite the Court's invitation, doc. 62 at 4, neither has the Government. But earlier the United States insisted that any § 2255 motion would be time-barred. Doc. 55 at 3-4. It

is correct. Under 28 U.S.C. § 2255(f)(1), Arnold had just one year from the date his conviction became final[1] to file his § 2255 motion. The Court entered its judgment against him on January 30, 2013, doc. 17, yet the first of his motions was not received until December 18, 2015. Doc. 52. So, it is time-barred.

Arnold also waived his right to file a collateral attack on his conviction and sentence on any ground and by any method except on grounds inapplicable here, doc. 44 at 4, so his motion is barred outright. *Hunt*, 2017 WL 490423 at * 1; *see also Jones v. United States*, 2017 WL 490423 at * 2 (S.D. Ga. June 21, 2016) (where the movant does not meet the Eleventh Circuit's heightened § 2255 pleading burden, the plea agreement itself[2] -- reflecting the movant's affirmation of her

---

[1] It becomes final when the time for filing a notice of appeal expires -- 14 days after entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within fourteen days of entry of judgment); *see also Hunt v. United States*, 2017 WL 490423 at * 1 (N.D. Ga. Feb. 7, 2017) (§ 2255 movant time-barred by failing to appeal after judgment, then filing his § 2255 motion over three years later).

[2] In his plea agreement, Arnold affirmed to this Court that

> I have read the foregoing Plea Agreement, consisting of 10 pages, including this one, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and

understanding and acceptance -- plus the absence of any waiver-invalidating allegations, obviates a transcript-based waiver validation).

To summarize, the Court **DENIES** Ramsey Arnold's various resentencing motions, construed as a § 2255 motion. Docs. 52, 54, 58, 59, & 60. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, no COA is warranted, 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added), thus rendering moot any motion for leave to appeal *in forma pauperis*.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be

---

with my permission.
Doc. 44 at 10.

captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __12th__ day of May, 2017.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA