# United States District Court
# for the Southern District of Georgia
# Statesboro Division

```
UNITED STATES OF AMERICA,    )
                             )
v.                           )     CR 612-006
                             )
RAMSEY COLLINS ARNOLD,       )
                             )
     Defendant.              )
```

## ORDER

Before the Court is Defendant Ramsey Arnold's motion for early termination of supervised release. Dkt. No. 70. On May 17, 2012, Defendant entered into a plea agreement in which he agreed to plead guilty to a lesser included offense of Count One of the indictment, i.e. possession with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Dkt. No. 44. On January 29, 2013, the Honorable Avant Edenfield sentenced Defendant to 108 months' imprisonment followed by five years' supervised release; the Court also imposed a $100 special assessment and a $3,000 fine. Dkt. No. 45. On October 23, 2015, Defendant's imprisonment sentence was reduced to eighty-six months. Dkt. No. 51.

Defendant began his term of supervised release on March 14, 2019. On February 3, 2020, the Court modified the conditions of Defendant's supervision to reduce his minimum monthly fine

payment from $125 to $50 due to his reduction in salary. Dkt. No. 69. Defendant has paid $800 toward the $3,100 total criminal penalties. All of Defendant's urine samples have yielded favorable results, and he has maintained stable housing and employment during his supervision. To date, Defendant has completed twenty-three months of his sixty-month term of supervised release.

Defendant now requests early termination of his supervised release period, citing in support his completion of educational programs, his lack of a disciplinary record, his compliance with all conditions of his supervision, and his consistent employment since his release from Bureau of Prisons' custody. Dkt. No. 70.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

While the Court commends Defendant for maintaining full-time employment and complying with the conditions of his

2

release, the Court must carefully weigh a favorable adjustment to his supervision against his offense of conviction. Indeed, Defendant abused his authoritative position as a sheriff's office employee by stealing methamphetamine from evidence storage and exchanging it for prescription pain pills to support his habit.

Accordingly, the Court **DENIES** Defendant's motion, dkt. no. 70, at this time. Defendant shall be allowed to re-urge his motion upon his completion of thirty-six months of supervised release.

**SO ORDERED** this 11 day of February, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA